525 A.2d 10

In Re: Petition of Patricia A. Hughes. Patricia A. Hughes, Appellant.

Argued April 20, 1987, before Judges CRAIG and PALLADINO, and Senior Judge BLATT, sitting as a panel of three.

*John W. Morris*, for appellant.

*Mark Jurikson*, for appellee.

*Handsel B. Minyard,* City Solicitor, with him, *Richard L. Gold,* Chief Deputy City Solicitor, *Eric H. Auerbach,* Chief Assistant City Solicitor, and *Guy Vilim,* Chief Assistant City Solicitor, for amicus curiae, City of Philadelphia.

OPINION BY JUDGE CRAIG, April 28, 1987:

Patricia Hughes, objector to the nomination petition of Harry P. Jannotti as candidate for Philadelphia City Council, has appealed from a decision of the Court of Common Pleas of Philadelphia County which ordered the dismissal of the objection and certified the candidate to be placed on the May 19, 1987 primary ballot.

The objection had attacked the validity of the candidate's affidavit of eligibility in the nomination petition, on the ground that the candidate was ineligible under the provisions of Pennsylvania Constitution art. 2, §7 declaring that

> No person hereafter convicted of embezzlement of public monies, bribery, perjury or other infamous crime, shall be eligible to the General Assembly, or capable of holding any office of trust or profit in this Commonwealth.

The objector's position is that the candidate became ineligible under that constitutional provision because he was convicted on September 16, 1980 of violating the Federal Hobbs Act, 18 U.S.C. §1951(a) in that he was found guilty of a felony, namely "conspiring to obstruct interstate commerce in violation of the Hobbs Act, Count 3," for which he was sentenced to six months' imprisonment plus a fine of $2,000. With respect to his offense, the pertinent decision of the United States Court of Appeals before judgment is *United States v. Jannotti,* 673 F.2d 578 (3d Cir. 1982), *cert. denied,* 457 U.S. 1106 (1982), and, after judgment, is *United States v. Jannotti,* 729 F.2d 213 (3d Cir. 1984), *cert. denied,* 469 U.S. 880 (1984).

On this appeal, no question remains concerning the appropriateness of objecting to a nomination petition affidavit under section 977 of the Election Code, Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §2937, as a procedural vehicle for litigating the question of eligibility. Nor is there any dispute with respect to the proposition that the office of a member of Philadelphia City Council is an "office of trust or profit in this Commonwealth."

Therefore, the only issue to be decided is whether a candidate for public office, having been convicted of conspiring to obstruct interstate commerce in violation of the Federal Hobbs Act, has thereby been "convicted of embezzlement of public monies, bribery, perjury or other infamous crime . . . ."

The trial judge, although agreeing that ineligibility can stem from a federal conviction as well as from a state conviction, held that the crime of which the candidate was convicted did not amount to an infamous crime, as described in the constitution, principally because no Pennsylvania decision has yet held that conviction for conspiracy alone has been sufficient to incur the sanction.

The trial court and both sides on appeal have paid close attention to *Re: Greenberg,* 442 Pa. 411, 280 A.2d 370 (1971) in which the Pennsylvania Supreme Court, considering the meaning of "infamous crime," stated:

This Court held long ago that an infamous crime is one which rendered the convicted person incapable of being a witness or juror. 'The offenses which disqualify a person to give evidence, when convicted of the same, are treason, felony, and every species of crimen falsi . . . which involve the charge of falsehood, and affect the public administration of justice.' Commonwealth v. Shaver, 3 W. & S. 338, 342 (1842). Without suggesting that this definition is sufficiently inclusive for the modern era, we have no hesitation

in holding that the federal crime of using the mails .to defraud is clearly within the ambit of the Shaver classification.

442 Pa. at 417, 280 A.2d at 372-73 (footnote omitted).

In this case, the nature of the crime, as defined by law, and also the content of the specific offense come much closer to the concept of bribery—which our constitutional provision quite apparently equates with "infamous crime"—than did the offense of using the mails to defraud, involved in *Greenberg.* As the United States Court of Appeals stated,

> We find that the government's evidence established overwhelmingly that the defendants enthusiastically accepted bribes. There simply is no credible evidence that the defendants . were · reluctant to take the money. To the contrary, the evidence shows the defendants, each of them an elected public official, boasting of their power and their corruption.

*Jannotti,* 729 F.2d at 225. Although the United States Court of Appeals had earlier held that this candidate was convicted of a conspiracy to violate the Hobbs Act, rather than of a substantive violation of that statute, 673 F.2d at 591, the distinction was based on the fact that the offense here was committed in the context of a law enforcement sting and therefore involved no actual effect upon commerce. Neither the federal court, 673 F.2d at 592, nor the Hobbs Act itself has drawn any material distinction between a conspiracy and ·a substantive violation under that statute. In defining the offense, the federal statute treats conspiracy and the substantive offense in the same breath, and applies the same degree of penalty to both, as follows:

> §1951(a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens

physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined not more than $10,000 or imprisoned not more than twenty years, or both.

Accordingly, because the Pennsylvania constitutional provision expressly equates "bribery" with "infamous crime," and because the candidate was convicted of a federal offense involving the receipt of payments relating to his performance of the duties and powers of his public office, the essential nature of his breach of public trust was so indistinguishable from bribery that the unavoidable conclusion must be that his conviction indeed was for the commission of an infamous crime. The trial judge's emphasis upon limitation of the candidate's guilt to conspiracy is an emphasis which rests upon a distinction without a difference, as to the crime involved here.

Judicial interpretation of the Pennsylvania constitutional disqualification for public office should not rest upon fine-drawn distinctions and shadings in defining the meaning of "infamous crime;" interpretation should be straightforward and as clearcut as possible, so that candidates for public office and occupants of public office may not be left with uncertainty, and so that the severe legal sanction of excluding a convicted candidate from the electorate's subsequent range of choice can be exercised in a definitive, confident and clearcut manner.

This court therefore must reverse the order appealed.

ORDER

Now, April 28, 1987, the order of the Court of Common Pleas of Philadelphia County dated March 25, 1987, at No. 3308 March term, 1987, is hereby reversed, and the nominating petitions and papers of Harry P. Jannotti, for the office of member of Philadelphia City Council, are set aside.